JACOB LEVENTON ET AL., TRADING, ETC., APPELLANTS,
    v. WILLIAM H. DAVISON, TRADING, ETC., RESPOND-
    ENT.

Submitted May 29, 1925—Decided October 19, 1925.

1. An order quashing an attachment in the Supreme Court will be affirmed, if supported on any legal ground appearing in the case, whether taken in that court or not.
2. Non-compliance with the requirements of the Bulk Sales act (*Pamph. L.* 1915, *p.* 377; *Comp. Stat.*, *p.* 2622), standing alone, is not evidence of fraud justifying an order to hold to bail, or an attachment under section 84 of the Practice act of 1903.

---

Appeal from rule quashing an attachment in the Supreme Court made by Mr. Justice Lloyd, whose memorandum of decision follows:

"The plaintiff caused an attachment to be issued against the property of the defendant based upon a transfer of the property of the latter in violation of the Bulk Sales act of 1915, page 377. The defendant moves to set aside the attachment. I think the motion must prevail. Plaintiff, in his brief, rests the right to issue attachment upon and by virtue of subdivision 3 of section 1 of the Attachment act of 1901, page 158. The subdivision reads: '(3) Where the court or a judge or a Supreme Court commissioner shall make an order for the issue of an attachment upon proof, by affidavit of fraud which would warrant an order for a *capias ad respondendum.*' The fraud upon which the *capias* is to issue can only be ascertained by reference to the Practice act of 1903, page 551, and the only provision that can be of possible avail in the present proceeding is the third subdivision of section 57, which reads:

" '(3) That he [the defendant] has assigned, removed or disposed of, or is about to assign, remove and dispose of his property, with intent to defraud his creditors.'

"The affidavit upon which the attachment was issued sets out that the defendant, being possessed of certain stock, merchandise and machinery, sold the same in bulk to one Harvey Wyckoff, not in the regular way and usual transaction of his business, and generally without compliance with section 1 of the Bulk Sales act of 1915, page 748, and concludes with an averment that 'by reason thereof the said Davison sold the stock, merchandise, &c., * * * with intent to defraud his creditors.' There is nothing in the Bulk Sales act which declares that a sale such as therein declared null and void is fraudulent. On the contrary, it is an arbitrary legislative enactment of conditions necessary to effect as against creditors a valid title in the purchaser. The sale may be honest and made from the best of motives, though void, if lacking the requisite compliance with the act. Such a transfer stands on a par with conditional sales and chattel mortgages unrecorded. All may be honest, but invalid as to creditors. As was said by Vice Chancellor Stevens in *Muller* v. *Hubschman,* 84 *N. J. Eq.* 31: 'It [the

statute] goes to the extent of annulling an entire class of sales, innocent or fraudulent, as against the vendors' creditors unless certain prescribed steps are taken whose object is to notify them of the contemplated sale.' There is, therefore, nothing of fraud to be implied *ipso facto* from such a sale. Does the last paragraph of the affidavit make it such? I think not. It is not an averment of fraud for which the affiant assumes responsibility, but a conclusion from the fact of sale. The fraud alleged is by 'reason thereof,' *i. e.,* 'by reason of' the bulk sale. There is no allegation that the sale was made with the intent, in fact, to defraud creditors. The averment rises no higher than the facts themselves, and, inasmuch as these do not imply fraud, it follows that the attachment issued thereon must be set aside."

For the appellants, *D. Trueman Stackhouse.*

For the respondent, *Theodore Backes.*

The opinion of the court was delivered by

PARKER, J. Counsel for appellants has not pretended to question the correctness of the reasoning and conclusions of Mr. Justice Lloyd upon the points discussed by him. We concur in what he has said and have little or nothing to add on that phase of the case.

The gravamen of the appeal seems to be that the matters treated by Mr. Justice Lloyd are irrelevant to the case as presented to him, and that inasmuch as his rule to quash the attachment invokes an entirely different and untenable ground, there should be a reversal and the attachment should be reinstated.

Appellant is undoubtedly correct in saying that the ground taken in the memorandum is ignored both in the rule to quash and in the notice on which that rule was founded. The attachment, as appears above, was based on the first alternative situation specified in section 84 of the Practice act of 1903 (*Comp. Stat.,* p. 4076), which relates back to

section 57 of the same act in contract cases, and so far as affects the present case to paragraph third of that section: "That he has assigned, removed or disposed of, * * * any of his property with intent to defraud his creditors." This is specifically invoked in the affidavit and order for the attachment. But the notice of motion to quash the writ states the ground to be "that the said William H. Davison is and has been for a number of years, a resident of this state, living and residing in the township of Millstone, county of Monmouth and State of New Jersey, and that process can at all times be served upon him at his residence in said township;" and the rule recites that it is "satisfactorily proved to the court that the said William H. Davison is now and for some years past has been a resident of this state and that process can be served upon him in this state." Appellants urge, and correctly, that where an attachment is ordered for fraud, justifying an order to hold to bail under the Practice act, the question of residence is immaterial. They further urge, but we think incorrectly, that as both the notice and the rule go solely to matters of residence, the rule cannot be supported on the ground taken in the memorandum. To this we cannot agree. The rule is firmly settled in this court that "the question to be determined on review is the propriety of the judicial action, not the soundness of the reason that prompted it." *McGrory Stores Corp.* v. *Braunstein,* 99 *N. J. L.* 166, and cases cited. Other cases are *Meisel* v. *Bank,* 85 *Id.* 253; *McMichael* v. *Horay,* 90 *Id.* 142; *McCarty* v. *West Hoboken,* 93 *Id.* 247, &c.

It is suggested, however, that the "Supreme Court erred in not affording the attorney for plaintiff the opportunity of meeting the situation which was raised for the first time by the court itself."

There is nothing before us to show that the court did not do so. Justice Lloyd's memorandum would seem to raise an inference that the matter was at least stirred on the hearing of the motion. Even if it had not been stirred, counsel had every right to ask for a rehearing after his decision, on the ground of surprise. There is no suggestion that such

rehearing was asked. Furthermore, if counsel wished to argue the alleged error in the memorandum he has had an excellent opportunity to do so in this court. Even here, if no memorandum at all had been filed below, and the case had come here on the bare recital in the rule, the point that the affidavit failed to show fraud could still have been made in aid of affirmance and affirmance directed thereon. *Gillespie* v. *Ferguson Co., 78 N. J. L. 470; Meisel* v. *Bank, supra.*

We add a word or two in amplification of Justice Lloyd's memorandum. The Bulk Sales act, as pointed out by Vice Chancellor Stevens in *Muller* v. *Hubschman, 84 N. J. Eq.* 30, 31, is entitled "An act to prohibit sales * * * in bulk in fraud of creditors." *Comp. Stat., p. 2622.* But as he also points out, in order to prevent fraudulent sales it embraces all sales in bulk, innocent or fraudulent. We agree that non-compliance with its requirements, without more, is no such badge of fraud as to support an order to hold to bail.

The rule appealed will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.